*In re* ACCOUNT OF NATHAN H. TRUMAN, Administrator.

PROVIDENCE—MAY 29, 1905.

PRESENT: Douglas, C. J., Dubois and Johnson, JJ.

(1) *Wills. Children or Issue. Adopted Child.*

A. by will devised one-sixth part of her estate "to the children or issue of my brother B., deceased," and further provided, "The children or issue of each of my deceased brothers shall take *per stirpes* (the children or issue of any deceased child of any of my said brothers taking the same share which their deceased parent would have taken if living."

B. deceased in 1871, leaving one child, C. (who died in 1888, leaving four children), and an adopted child D.
The will was made in 1898:—

*Held,* that the children of C. took, not as descriptive heirs of the body of B., but under the terms of the will, such share only as C. would have taken if living at decease of testatrix.

The court having found 'that there was a latent ambiguity in the use of the words "children or issue," parol evidence was offered by claimants, and held, that the testimony showed that no distinction was intended by testatrix between the natural born child and the adopted child of B.

(2) *Presumption of Death from absence of Seven Years. Burden of Proof.*

The fact that a person has been absent from his home and unheard of by his family for seven years raises the presumption of his death, which presump-

tion is strengthened by further lapse of time. And the burden of proof rests upon the party asserting the party to be living.

Account of administrator of testate estate transmitted to Appellate Division under Gen. Laws cap. 218, §§ 30–31.

Per Curiam. The account of Nathan H. Truman, as administrator with the will annexed of the estate of Fannie A. Gilbert, which has been accepted and allowed by the municipal court of the city of Providence, has been transmitted to this court for allowance or amendment, under the provisions of Gen. Laws R. I. cap. 218, §§ 30 and 31.

The parties interested in the account have agreed upon the following facts: Fannie A. Gilbert died December 14, 1900, leaving a last will and testament dated August 20, 1898, which was proved at Providence before the municipal court, January 8, 1901. By this will the testatrix provided for the payment of debts, funeral charges, and expenses of administration, and also for the payment of certain legacies, and made testamentary disposition of the remainder by dividing the same into sixths, whereof she devised and bequeathed: "One undivided sixth part thereof to the children or issue of my brother Nesbit Bowes, deceased." And she further provided: "The children or issue of each of my deceased brothers shall take per stirpes (the children or issue of any deceased child of any of my said brothers taking the same share which their deceased parent would have taken if living)." That this undivided sixth part consists of realty in Providence valued at about $1,200, and personalty of the value of $1,768; that Nesbit Bowes died in 1871, and his wife in 1882; that Nesbit left only one child born in wedlock, Sarah E., who married Andrew G. Lorimer and died in 1888, leaving four children, viz.: Gertrude S., Lilley A., John F., and A. Garfield Lorimer; that Gertrude married Bert E. Smith; that these grandchildren of Nesbit are all living and of full age; that Nesbit and wife petitioned the General Assembly of this State at its January session, 1859, for leave to adopt Adelaide James as their child, and a resolution was passed granting the same and declaring "that the said parties, reciprocally, shall be vested with all the rights and subject to all the duties and

obligations, including the right of inheritance of estate, real and personal, as if the said Adelaide had been born the lawful child of the said Nesbit J. Bowes and Susan A. Bowes; and that the name of the said Adelaide be and hereby is changed to that of Adelaide Bowes."

It appears from the administrator's account that Adelaide Bowes married Charles W. Booth of Providence, and claims to be entitled to one-half of the property bequeathed to the children or issue of said Nesbit Bowes in and by said will.

The claim made in behalf of the children of Sarah E. Lorimer is that they are entitled to the whole of the one-sixth bequeathed to the children or issue of Nesbit Bowes deceased. The argument in behalf of this claim being that the phrase "children or issue" logically and legally reads "children or heirs of the body." That as there was no child in fact of Nesbit Bowes at the time of the making of the will in '98, Mrs. Lorimer having died in '88, the Lorimer children took only as descriptive heirs of the body of Nesbit Bowes and not as a share which their mother would have taken, as she was not an object of bounty and could not take at all. In short, that there were no children at the time of the death of Mrs. Lorimer and that they are the only issue. That the words of the will are technical and if they can be of themselves reasonably interpreted, extrinsic evidence is not admissible; but if the words are doubtful in their application to the objects of bounty, only evidence of who are the children in fact or heirs of the body of Nesbit Bowes is admissible.

(1)　　　The question thus presented for determination is, who were "the children or issue of Nesbit Bowes deceased," in the mind of the testatrix at the time she made her will, and did she intend to include a child by adoption?

The argument for the Lorimer children: That as Mrs. Lorimer died ten years before the making of the will they took only as descriptive heirs of the body of Nesbit Bowes, and not the share which their mother would have taken, as she was not an object of bounty and could not take at all, is answered by the terms of the will itself: "the children or issue of any deceased child of any of my said brothers taking the same share

which their deceased parent would have taken if living." The Lorimer children, therefore, can only take the share which Mrs. Lorimer would have taken had she been living at the time of the death of the testatrix.

The court found that there was a latent ambiguity in the use of the words "children or issue" in such circumstances, and permitted "the respective claimants of the devise in question to offer parol evidence as to the intention of Fannie A. Gilbert, the testatrix, in the use of the words 'children or issue of my brother Nesbit Bowes, deceased,' in said devise."

In accordance with the permission, testimony has been offered to the effect that the testatrix knew of the adoption by her brother, Nesbit Bowes, of said Adelaide, and always treated and regarded her as being one of the children of said Nesbit. At one time testatrix lived in the same family with Adelaide. She always called her "Addie," and introduced her to other people as her niece. She gave her an autograph album in 1878, in which she wrote the following: "Mrs. Addie Booth, from Aunt Fannie, Christmas, 1878." In addressing Mrs. Gilbert, said Adelaide always called her "Aunt Fannie." Mrs. Booth's daughter Fannie was referred to by testatrix as, "My niece's little girl." In a word, the testimony shows that no distinction whatever was made by testatrix between the natural born child of her brother Nesbit, viz.: Sarah E. Lorimer, and the adopted one in question.

Generally, in the construction of a will, a gift to "children" will be held to apply to legitimate children only. Nevertheless, a gift to "children" has been held to include illegitimate children in a case where, from the expressions in the will, and from the state of the testator's family at the date of the will, the probability that he intended them to take was deemed sufficiently strong. *Hill* v. *Crook*, L. R. 6 H. L. 265. The intention of the testatrix, when legally ascertained, must govern.

Our conclusion is that the testatrix intended to include Adelaide Booth in her will as one of the children of Nesbit Bowes.

(2)    Another question presented for determination by the ad-

ministrator in his account, is as follows: "One of such parts to the children or issue of her brother Robert Bowes, deceased."

"As said administrator is informed and believes, said Robert Bowes had four (4) children, viz.: George H. Bowes, Walter R. Bowes, William Otis Bowes, and Ella F. Bowes, who married Oscar F. Millett, of said Providence; that said William Otis Bowes has been absent and unheard of by the other members of his family for more than thirty (30) years last past, and that at the time when last heard of by the other members of his family said William Otis Bowes was single and unmarried, and it is supposed by the other members of his family that he died without issue, many years before the death of said testatrix.

"Said Walter R. Bowes on February eleventh (11th), 1901, by written assignment of that day, assigned his share in said Estate to his sister said Ella F. Millett, and said George H. Bowes and said Ella F. Millett now claim to be the only persons entitled to the share of said Estate bequeathed to the children or issue of Robert Bowes in and by said Will, said George H. Bowes claiming one-third ($\frac{1}{3}$) of such share, and said Ella F. Millett claiming two-thirds ($\frac{2}{3}$) of the same."

The foregoing claims of George H. Bowes and Ella F. Millett to the share of their brother William Otis Bowes in the one-sixth devised to the children or issue of her brother Robert Bowes, deceased, by the testatrix, are well founded. The fact that a person has been absent from his home and unheard of by his family for a period of seven years raises the presumption of his death, which presumption is strengthened by further lapse of time.

"Where the issue is upon the life or death of a person, once shown to have been living, the burden of proof lies upon the party who asserts the death. But after the lapse of seven years, without intelligence concerning the person, the presumption of life ceases, and the burden of proof is devolved on the other party; this period was inserted, upon great deliberation, in the statute of bigamy, and the statute concerning leases for lives, and has since been adopted, from analogy, in other cases." 1 Greenl. Ev. § 41, and cases cited.

Therefore the account of the administrator is allowed as filed, and decree will be entered accordingly.

*Nathan H. Truman,* for himself.

*William H. Greene, Edward D. Bassett, Cooke & Angell,* for various.parties.